# SUPERIOR COURT OF CONNECTICUT

**JUDICIAL DISTRICT OF STAMFORD/NORWALK**

**AT STAMFORD**

**FRANCESSE DOR**

Plaintiff

V.                                           Case Number: **FST-CV-25-5032771-S**


**WATERSTONE ASSISTED LIVING**
**ESL MANAGEMENT**
**WENDY KAUFMAN**
**MELINDA CARDONE**
**HOLLY DAVIS-KISS**

Defendants

## AMENDED COMPLAINT

### I. PARTIES

1. Plaintiff **Francesse Dor** is an individual residing in Connecticut and was employed by Defendants at Waterstone on High Ridge in Stamford, Connecticut.
2. **Waterstone Assisted Living** operates a senior living facility in Stamford, Connecticut.
3. **ESL Management** oversees operations, employment practices, and administrative functions at Waterstone Assisted Living.
4. **Wendy Kaufman**, **Melinda Cardone**, and **Holly Davis-Kiss** were supervisory employees with authority over Plaintiff's employment, leave requests, accommodations, and workplace conditions.

### II. JURISDICTION AND VENUE

5. Jurisdiction is proper because the events giving rise to this action occurred in Connecticut.
6. Venue is proper in the Judicial District of Stamford/Norwalk because Plaintiff worked for Defendants in Stamford, Connecticut.

### III. PROCEDURAL HISTORY

7. Plaintiff filed the Original Complaint on **July 14, 2025**.
8. The Court officially filed and accepted the complaint on **August 1, 2025**.
9. Plaintiff filed a First Revised Complaint on **October 14, 2025**.
10. On **December 10, 2025**, the Court issued a Judicial Notice directing Plaintiff to revise the pleading again due to formatting and structural issues.
11. Plaintiff now submits this Amended Complaint in accordance with the Court's directive.

### IV. FACTUAL BACKGROUND

12. Plaintiff was injured in January 2025 and continued working while experiencing physical limitations.
13. Plaintiff notified Defendants of her injury and requested information and support related to her condition and leave needs.
14. Plaintiff attempted to access her leave balances and internal employment records but was unable to access ADP.
15. ADP did not contain the internal leave information Plaintiff required to understand her options.
16. Plaintiff repeatedly requested assistance obtaining her records and understanding her leave status.
17. Plaintiff was also experiencing serious personal circumstances and requested a personal leave.
18. Defendant Melinda Cardone emailed Plaintiff FMLA Form, but Plaintiff still lacked access to her internal leave balances and employment records.
19. Defendants did not provide clear guidance or the necessary information for Plaintiff to understand or submit her leave request.
20. Defendants' actions left Plaintiff without the support or information needed to manage her medical and personal circumstances.
21. A detailed payroll timeline covering December 2024 through July 2025 is attached as **Exhibit A**.
22. A summary of payroll-related issues and leave access barriers is attached as **Exhibit B**.
23. A numbered exhibit list identifying each month's payroll records is attached as **Exhibit C**.
24. A one-page summary of Plaintiff's payroll and leave access issues is attached as **Exhibit D**

### V. CLAIMS FOR RELIEF

**COUNT ONE – Disability Discrimination (ADA / CFEPA)**

25. Plaintiff incorporates all preceding paragraphs.
26. Plaintiff experienced physical limitations following her January 2025 injury.
27. Plaintiff notified Defendants and sought support and information.
28. Defendants failed to provide adequate guidance or assistance.
29. Defendants' actions constitute disability discrimination.

**COUNT TWO – Failure to Accommodate (ADA / CFEPA)**

30. Plaintiff incorporates all preceding paragraphs.
31. Plaintiff requested assistance accessing her leave information and internal records.
32. Plaintiff could not access ADP, and ADP did not contain the internal information she needed.
33. Defendants did not provide the necessary access or support.
34. Defendants' failure to assist constitutes a failure to accommodate.

**COUNT THREE – FMLA Interference**

35. Plaintiff incorporates all preceding paragraphs.
36. Plaintiff received FMLA Form 3 from Defendant Melinda Cardone.
37. Plaintiff was not provided access to her internal leave balances or employment records.
38. Plaintiff could not access ADP, and ADP did not contain the internal information required to verify her leave status.
39. Without access to her own records, Plaintiff could not properly understand or submit her leave request.
40. Defendants' actions interfered with Plaintiff's FMLA rights.

**COUNT FOUR – FMLA Retaliation**

41. Plaintiff incorporates all preceding paragraphs.
42. Plaintiff requested leave and attempted to obtain the information necessary to manage her medical and personal circumstances.
43. After Plaintiff sought leave-related information, Defendants restricted communication and withheld employment information.
44. Defendants' conduct constitutes retaliation.

**COUNT FIVE – Workers' Compensation Retaliation (Conn. Gen. Stat. § 31-290a)**

45. Plaintiff incorporates all preceding paragraphs.

46. Plaintiff reported a workplace injury and sought information regarding workers' compensation procedures.
47. Defendants did not provide timely guidance or reporting instructions.
48. Defendants' conduct constitutes retaliation under Connecticut law.

## COUNT SIX – Wage Access / Payroll Obstruction (Conn. Gen. Stat. § 31-71f)

49. Plaintiff incorporates all preceding paragraphs.
50. Plaintiff repeatedly requested access to her earned time, leave balances, and payroll records.
51. Plaintiff was unable to access ADP, and ADP did not contain the internal records she needed.
52. Defendants did not provide the required information directly.
53. Defendants' conduct violates Connecticut wage access requirements.

## COUNT SEVEN – Retaliation (CFEPA / Public Policy)

54. Plaintiff incorporates all preceding paragraphs.
55. Plaintiff engaged in protected activity by reporting her injury, requesting leave information, and seeking access to her records.
56. Defendants withheld information and restricted communication after these requests.
57. Defendants' conduct constitutes retaliation.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff **Francesse Dor** respectfully requests:

- Compensatory damages
- Back pay
- Front pay or reinstatement
- Statutory damages
- Punitive damages where authorized
- Costs and fees
- Any other relief the Court deems just and proper

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## VIII. SIGNATURE

Respectfully submitted,

/s/ Francesse Dor

**Francesse Dor**
Plaintiff, Self-Represented
25 Taylor Street apt 41
Stamford, Connecticut 06902
francessesenat3@gmail.com
203-818-3832